UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, and PETER ANDREYEV,

                Plaintiffs,

  -against-

KLEISSNER INVESTMENTS S.R.O., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No.: 25-CV-17065

**NOTICE OF REMOVAL**

## D.N.J. LOCAL RULE 10.1 STATEMENT

The Plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1 (a law enforcement officer), and Peter Andreyev.

The address for Atlas Data Privacy Corporation as stated in the Complaint is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

The remaining Plaintiffs' street addresses are unknown to Defendant who is filing this Notice of Removal.

Plaintiffs are represented by Rajiv D. Parikh, Kathleen Barnett Einhorn and Jessica A. Merejo of PEM LAW LLP, 1 Boland Drive, Suite 101, West Orange, NJ 07052, Vito A. Gagliardi, Jr. and Alfred R. Brunetti of PORZIO, BROMBERG & NEWMAN, P. C., 100 Southgate Parkway, Morristown, NJ 07962.

The Defendant in this action is Kleissner Investments S.R.O.

Defendant is represented by Andrew Gerber of Gerber Law PLLC, 27 Union Square West, Suite 301, New York, NY 10003, and Victor Suthammanont[1] of Kostelanetz LLP, 7 World Trade Center 34th Floor, New York, NY 10007.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Kleissner Investments S.R.O. ("Defendant"), by its attorneys Gerber Law PLLC and Kostelanetz LLP,[2] respectfully removes the above-titled action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.

Defendant denies any liability in this case and reserves all rights to contest, amongst other things, the sufficiency of service of process, the existence of personal jurisdiction, and the merits of all claims in Plaintiff's Complaint or any subsequent pleading. Defendant does not waive its objections and defenses concerning service or jurisdiction by its limited appearance to assert such defenses and objections. Defendant also reserves the right to seek other, contractually mandated remedies, including arbitration. In support of removal, Defendant states as follows.

## BACKGROUND

1. On or about April 30, 2025, Plaintiffs Atlas Data Privacy Corporation ("Atlas"), Jane Doe-1, and Peter Andreyev (collectively, the "Plaintiffs") filed a Complaint (the "Complaint") against Kleissner Investments S.R.O, Richard Roes 1-10, and ABC Companies 1-

---

[1] Mr. Suthammanont will seek admission to this court *pro hac vice* as soon as possible following removal of this action.
[2] The Kostelanetz LLP attorneys are not admitted to practice in this court, but will move for admission *pro hac vice* as soon as practicable following the removal of the proceeding.

10 in the Superior Court of New Jersey, Law Division, Essex County (the "Superior Court"), with the same caption as this action, Docket No. ESX-L-003301-25.

2. The Complaint was provided to the Defendant on or about October 2, 2025, along with a copy of the Complaint machine-translated into Czech purportedly pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). A true and correct copy of all state court filings, including the Complaint are attached as Exhibit A.

3. Defendant is contesting, in the Czech Republic, whether the Complaint was properly delivered pursuant to the Hague Convention under Czech law.

4. Further, Defendant's website, intelx.io, may only be accessed by a user, including plaintiffs in this action or their agents, who agree to Terms of Service conspicuously posted on the intelx.io website.

5. The Terms of Service contain a provision in Section 39 that states:

> This Agreement and all rights and obligations of the Parties arising from or related to this Agreement shall be governed by the Czech law. All disputes arising from this Agreement and in connection therewith shall be finally decided by the Arbitration Court attached to the Economic Chamber of the Czech Republic and the Agrarian Chamber of the Czech Republic in accordance with its Rule and Regulations by one arbitrator chosen by the President of the Arbitration Court. The place of arbitration shall be Prague and the language shall be English.

6. In Count I of the Complaint, Plaintiffs assert claims against Defendant for violations of New Jersey's Daniel's Law, N.J.S.A. 47:1A-1, et seq., and N.J.S.A. 56:8-166.1 (hereinafter "Daniel's Law"), based on a claimed failure to timely process requests to not "disclose" their addresses and/or unpublished telephone numbers. *See* Compl., Ex. A ¶¶ 56–62.

7. Defendant has not yet been properly served with the Complaint, nor has it answered the Complaint and the time to file an Answer has not yet expired.

8. This Notice of Removal is being filed within thirty (30) days of Defendant's receipt of the Complaint and is therefore timely filed pursuant to 28 U.S.C. §1446(b).

9. As demonstrated below, the case is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) because complete diversity of citizenship exists between Plaintiffs and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THE PARTIES ARE COMPLETELY DIVERSE AND THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

10. The Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of a state and the citizen of a foreign state in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. Parties are Completely Diverse.

11. Plaintiff Atlas is a Delaware corporation with its principal place of business in New Jersey. Compl. ¶ 20. For purposes of determining diversity, a corporation is deemed to be a citizen of (1) any state or foreign state where it is incorporated and (2) the state or foreign state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Accordingly, Atlas is a citizen of New Jersey and Delaware.

12. Plaintiffs Jane Doe-1 and Peter Andreyev are police officers working in Northern New Jersey. Compl. ¶ 18-19. As a matter of New Jersey law, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position." N.J.S.A. 40A:14- 122.8. Accordingly, Jane Doe-1 and Peter Andreyev are citizens of New Jersey.

4

13. Defendant is a foreign corporation with its principal place of business in Prague, Czech Republic. *See* 28 U.S.C. § 1332(c)(1).

14. The sole shareholder of Defendant is an individual who is a citizen of Austria and domiciled in the Czech Republic.

15. Defendant maintains no offices in New Jersey and conducts no business within New Jersey/.

16. In accordance with 28 U.S.C. § 1332(a)(2), complete diversity of citizenship exists because the Plaintiffs are citizens of a state and Defendants are citizens of a foreign state.

17. Furthermore, this action is removable because Defendant is not a citizen of the state in which this action was commenced. *See* 28 U.S.C. § 1441(b)(2).

**B. The Amount-In-Controversy Requirement is Satisfied.**

18. The second requirement of diversity jurisdiction is that the amount-in-controversy exceed $75,000. *See* 28 U.S.C. § 1332(a).

19. Where, as here, the Complaint fails to include a specific monetary demand, a defendant can satisfy its burden to establish amount-in-controversy by demonstrating that the Complaint's allegations indicate it is more likely than not that the amount exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (defendant need only "plausibl[y] alleg[e]" amount-in-controversy); *see also Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (stating that amount-in-controversy is measured by "a reasonable reading of the value of the rights being litigated").

20. Defendant does not admit the facts alleged in the Complaint, concede any liability to Plaintiffs, or that they are entitled to any relief. As required, however, the amount in controversy is derived based upon the allegations in Plaintiff's Complaint.

21. In the Complaint, Plaintiff Atlas alleges that it asserts claims against Defendant on behalf of 19,658 individuals who are all "Covered Persons" under Daniel's Law and assigned their claims to Atlas for alleged violations of Daniel's Law. *See* Compl., Ex. A ¶¶ 21-24.

22. In Plaintiffs' claim for relief (the "Wherefore" provision), Plaintiffs request "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation'" in addition to "punitive damages, to be determined by the Court, for 'willful noncompliance' as allowed under Daniel's Law." *See* Compl., Ex. A p. 22.

23. Even assuming each Covered Person asserts just one violation, the amount-in-controversy for statutory damages alone would exceed $19,658,000.

24. It is therefore apparent from the face of the Complaint that the amount-in-controversy is well in excess of $75,000, exclusive of interest and costs.

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL, AND REMOVAL IS THEREFORE PROPER.

25. This case is a civil action within the meaning of 28 U.S.C. § 1441.

26. No previous application has been made for the relief request herein.

27. Defendant Kleissner Investments S.R.O. is the only named defendant, so no consent from other defendants is required pursuant to 28 U.S.C. § 1446(b)(2)(A).

28. Defendant received the Complaint on Defendant on October 2, 2025. Thus, this Notice of Removal is timely pursuant to 28 U.S.C. §§ 1441 and 1446, though Defendant reserves the right to challenge, both in this court and in the Czech Republic, whether service was properly effectuated and assert all other defenses available to it, including a lack of personal jurisdiction.

29. Venue for civil cases in Essex County, where the Complaint was originally filed in state court, lies in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1446(a).

30. As required by 28 U.S.C. § 1446(a), Defendant has attached the Complete State Court Record to its Notice of Removal, and it is enclosed herewith as Exhibit A.

31. Pursuant to 28 U.S.C. § 1446(d), Defendant filed a written notice of this removal with the clerk of the Superior Court, where Plaintiffs' action was pending, and served copies of the Notice of Removal and the written notice of same on Plaintiffs' counsel. A true and correct copy of this document is attached hereto as Exhibit B.

32. By filing this Notice of Removal, Defendant does not waive any defenses or objections which may be available to it. Defendant also reserves the right to proceed by compelled arbitration, as, upon information and belief, certain Plaintiffs to this action may have contractually consented.

**WHEREFORE**, Defendant hereby removes this action to this Court for further proceedings.

DATED: October 30, 2025     By:     _____
Andrew Gerber
GERBER LAW PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 658-1810
andrew@gerberlaw.com
*Attorney for Defendant*

Of counsel:

Victor Suthammanont
KOSTELANETZ LLP
7 World Trade Center, 34th Fl
250 Greenwich Street
New York, NY 10007
(212) 808-8100
vsuthammanont@kostelanetz.com

## **CERTIFICATION PURSUANT TO D.N.J. LOCAL RULE 11.2**

I certify that, to the best of my knowledge and belief, the matter in controversy is not the subject of any other action pending in any court or pending in any arbitration or administrative proceeding as to the substance of Plaintiff's claims other than the state court action from which removal is requested and the Czech proceeding described in the following paragraph.

Defendant has objected to the attempted service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters in the Czech Republic with the District Court for Prague 4 (Obvodní soud pro Prahu 4), at 28th Regiment 1533/1533/29b, 100 83 Prague 10 -  Vršovice, Data box ID: "uz8ab2r" in a proceeding under the file no. 0 Cd 200/2025.

While not the same defendants, the same or similar plaintiffs have sued numerous other companies and defendants who removed their state court actions to this Court. Those cases include:

1. *Atlas Data Privacy Corporation, et al. v. WE Inform, LLC, et al.*, Docket No. MRS-L-000379-24 and 1:24-cv-04037.

2. *Atlas Data Privacy Corporation, et al. v. DM Group, Inc. et al.*, Docket No. MID-L-000990-24 and 1:24-cv-04075.

3. *Atlas Data Privacy Corporation, et al. v. Delvepoint, LLC, et al.*, Docket No. MRS-L-000244-24 and 1:24-cv-04096.

4. *Atlas Data Privacy Corporation, et al. v. The People Searchers, LLC, et al.*, Docket No. MRS-L-000257-24 and 1:24-cv-04045.

5. *Atlas Data Privacy Corporation, et al. v. Deluxe Corporation, et al.*, Docket No.: BER-L-000821-24 and 1:24-cv-04080.

6. *Atlas Data Privacy Corporation, et al. v. Yardi Systems, Inc., et al.*, Docket No.: BER-L-000856-24 and 1:24-cv-04103.

7. *Atlas Data Privacy Corporation, et al. v. Infomatics LLC, et al.*, Docket No.: BER-L-000872-24 and 1:24-cv-04041.

8. *Atlas Data Privacy Corporation, et al. v. Quantarium Alliance, LLC, et al.*, Docket No.: BER-L-000878-24 and 1:24-cv-04098.

9. *Atlas Data Privacy Corporation, et al. v. Acxiom LLC, et al.*, Docket No.: MER-L-000283-24 and 1:24-cv-04107.

10. *Atlas Data Privacy Corporation, et al. v. i360, LLC, et al.*, Docket No. MER-L-000297-24 and 1:24-cv-04345.

11. *Atlas Data Privacy Corporation, et al. v. Civil Data Research, LLC, et al.*, Docket No.: MER-L-292-24 and 1:24-cv-04143.

12. *Atlas Data Privacy Corporation, et al. v. Scalable Commerce, LLC, et al.*, Docket No.: BER-L-771-24 and 1:24-cv-04160.

13. *Atlas Data Privacy Corporation, et al. v. Labels & Lists, Inc., et al.*, Docket No.: BER-L-000812-24 and 1:24-cv-04174.

14. *Atlas Data Privacy Corporation, et al. v. Innovis Data Solutions, Inc., et al.*, Docket No.: MRS-L-000285-24 and 1:24-cv-04176.

15. *Atlas Data Privacy Corporation, et al. v. Accurate Append, Inc., et al.*, Docket No.: MID-L-000848-24 and 1:24-cv-04178.

16. *Atlas Data Privacy Corporation, et al. v. Equimine, Inc. d/b/a Propstream, et al.*, Docket No.: MON-L-535-24 and 1:24-cv-04261.

17. *Atlas Data Privacy Corporation, et al. v. Melissa Data Corp, et al.*, Docket No.: MRS-L-224-24 and 1:24-cv-04292.

18. *Atlas Data Privacy Corporation, et al. v. Zillow, Inc., et al.*, Docket No.: BER-L-000874-24 and 1:24-cv-04256.

19. *Atlas Data Privacy Corporation, et al. v. Restoration of America, et al.*, Docket No.: MON-L-000510-24 and 1:24-cv-04324.

20. *Atlas Data Privacy Corporation, et al. v. Belles Camp Communications, Inc., et al.*, Docket No. MON-L-000508-24 and 1:24- cv-04949.

21. *Atlas Data Privacy Corporation, et al. v. Rocketreach LLC, et al.*, Docket No. BER-L-000873-24 and 1:24-cv-04664.

22. *Atlas Data Privacy Corporation, et al. v. Nuwber, Inc., et al.*, Docket No. MRS-L-000225-24 and 1:24-cv-04609.

23. *Atlas Data Privacy Corporation, et al. v. E-Merges.com, Inc.*, Docket No. BER-L-000854-24 and 1:24-cv-04434.

24. *Atlas Data Privacy Corporation, et al. v. Joy Rockwell Enterprises, Inc.*, et al., Docket No. MON-L-000486-24 and 1:24-cv-04389.

25. *Atlas Data Privacy Corporation, et al. v. Gohunt, LLC, et al.*, Docket No. BER-L-000870-24 and 1:24-cv-04380.

26. *Atlas Data Privacy Corporation, et al. v. Synaptix Technology, LLC, et al.*, Docket No. MER-L-000288-24 and 1:24-cv-04385.

27. *Atlas Data Privacy Corporation, et al. v. Accuzip, Inc., et al.*, Docket No. MON-L-000554-24 and 1:24-cv-04383.

28. *Atlas Data Privacy Corporation, et al. v. Fortnoff Financial, LLC, et al.*, Docket No. MER-L-000284-24 and 1:24-cv-04390.

29. *Atlas Data Privacy Corporation, et al. v. Propertyradar, Inc., et al.*, Docket No. MER-L-000293-24 and 1:24-cv-05600.

30. *Atlas Data Privacy Corporation, et al. v. The Alesco Group, et al.*, Docket No. BER-L-000969-24 and 1:24-cv-05656.

31. *Atlas Data Privacy Corporation, et al. v. Searchbug, Inc., et al.*, Docket No. MID-L-000904-24 and 1:24-cv-05658.

32. *Atlas Data Privacy Corporation, et al. v. Amerilist, Inc., et al.*, Docket No. MID-L-001052-24 and 1:24-cv-05775.

33. *Atlas Data Privacy Corporation, et al. v. Digital Safety Products, LLC, et al.*, Docket No. MID-L-000814-24 and 1:24-cv-04141.

34. *Atlas Data Privacy Corporation, et al. v. US Data Corporation, et al.*, Docket No. MRS-L-000323-24 and 1:24-cv-07324.

35. *Atlas Data Privacy Corporation, et al. v. Smarty, LLC, et al.*, Docket No. MER-L-000310-24 and 1:24-cv-08075.

36. *Atlas Data Privacy Corporation, et al. v. Compact Information Systems, et al.*, LLC, Docket No. MON-L-000534-24 and 1:24-cv-08451.

37. *Atlas Data Privacy Corporation, et al. v. Darkowl, LLC, et al.*, Docket No. ESX-L-007210-24 and 1:24-cv-10600.

38. *Atlas Data Privacy Corporation, et al. v. Spy Dialer, Inc., et al.*, Docket No. MRS-L-000259-24 and 1:24-cv-11023.

39. *Atlas Data Privacy Corporation, et al. v. Lighthouse List Company, LLC, et al.*, Docket No. MID-L-001221-24 and 1:24-cv-11443.

40. *Atlas Data Privacy Corporation, et al. v. Peoplewhiz, Inc. et al.*, Docket No. MID-L-001063-24 and 1:25-cv-00237.

41. *Atlas Data Privacy Corporation, et al. v. First Direct, Inc. et al.*, Docket No. MER-L-000328-24 and 1:25-cv-01480.

42. *Atlas Data Privacy Corporation, et al. v. Greenflight Venture Corp., et al.*, Docket No. BER-L-000811-24 and 1:25-cv-01517.

43. *Atlas Data Privacy Corporation, et al. v. Innovative Web Solutions, LLC, et al.*, Docket No. BER-L-001038-24 and 1:25-cv-01535.

44. *Atlas Data Privacy Corporation, et al. v. Publicnsa, LLC, et al.*, Docket No. ESX-L-003317-25 and 1:25-cv-05989.

45. *Atlas Data Privacy Corporation, et al. v. Constella Intelligence, Inc., et al.*, Docket No. ESX-L-007212-24 and 2:24-cv-10571.

46. *Atlas Data Privacy Corporation, et al. v. REDX LLC, et al.*, Docket No. UNN-L-001745-25 and 1:25-cv-06863.

47. *Atlas Data Privacy Corporation, et al. v. True Software Scandinavia AB, et al.*, Docket No. MID-L-000812-24 and 1:25-cv-07650.

48. *Atlas Data Privacy Corporation, et al. v. Brooks Integrated Marketing, LLC, et al.*, Docket No. UNN-L-30-00025 and 1:25-cv-08617.

49. *Atlas Data Privacy Corporation, et al. v. Freedomsoft303, LLC, et al.*, Docket No. UNN-L-001741-25 and 1:25-cv-09224.

50. *Atlas Data Privacy Corporation, et al. v. Sterling Data Company, LLC, et al.*, Docket No. UNN-L-001746-25 and 1:25-cv-09963.

51. *Atlas Data Privacy Corporation v. Sierra Creative Systems, Inc., et al.*, Docket No. ESX-L-003316-25 and 1:25-cv-11870.

52. *Atlas Data Privacy Corporation v. Cybo Company, et al.*, Docket No. MID-L-000898-24 and 1:25-cv-11948.

53. *Atlas Data Privacy Corporation, et al. v. AGR Marketing Solutions, LLC, et al.*, Docket No. UNN-L-001739-25 and 1:25-cv-12137.

I certify under penalty of perjury that the foregoing is true and correct.

DATED: October 30, 2025

By: _____
Andrew Gerber

## CERTIFICATE OF SERVICE

I hereby certify that, on October 30, 2025, I filed a true and correct copy of the foregoing electronically with the court. Notice of the filing will be sent to the below-listed attorneys by record of operation of this Court's electronic filing system ("ECF"). The parties may access this filing through ECF. Copies were also served via email.

PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 1010
West Orange, New Jersey 07052
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP
Rahul Agarwal
Sofia Syed
1 Gateway Center
Newark, NJ 07192-5311
ragarwal@fklaw.com
ssyed@fklaw.com

DATED: October 30, 2025

By: _____
   Andrew Gerber