# GERBER LAW PLLC

27 Union Square West, Suite 301  
New York, NY 10003  
(212) 658-1810

Andrew Gerber  
Member of the Firm  
andrew@gerberlaw.com

November 4, 2025

**By ECF**

Hon. Harvey Bartle III  
16614 U.S. Courthouse  
601 Market Street  
Philadelphia, PA 19106

     Re: <u>*Atlas Data Privacy Corp. v. Kleissner Investments S.R.O.*</u>, No. 25 Civ. 17065 (D.N.J.)

Dear Judge Bartle,

     We represent Defendant Kleissner Investments S.R.O. in the above-captioned matter and write to request an extension of Defendant's time to respond to the complaint in this action from the potential deadline of November 6, 2025, to December 17, 2025. We have met and conferred with counsel for Plaintiffs Atlas Data Privacy Corporation, "Jane Doe-1," and Peter Andreyev ("Plaintiffs"), and Plaintiffs consent to the request.

     Plaintiffs filed the Complaint in this action on April 30, 2025, in New Jersey state court alleging violations of "Daniel's Law." Notice of Removal ("NOR") Docket Entry ("DE") 1 at ¶ 1. Thereafter, Plaintiffs attempted service via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). *See* Aug. 12, 2025 Letter of Rahul Agarwal, DE 1-2 at pg. 37. Defendant was provided the Complaint on October 2, 2025. NOR § 2.

     Defendant, which is based in the Czech Republic, is contesting in that jurisdiction whether the Complaint was properly delivered pursuant to the Hague Convention under Czech law. NOR ¶ 3; *see also* D.N.J. Local Rule 11.2 Certification at DE 1 pg. 8. On October 30, 2025, Defendant removed the case to federal court, despite not having been properly served with the Complaint. *See* NOR ¶ 7. The case was reassigned to Your Honor on the same date. Oct. 30, 2025 Order, DE 3.

     Federal Rule of Civil Procedure 81(c)(2) requires that a defendant who has not answered a complaint file its answer or present defenses and objections within the longest of: (A) 21 days after receiving—through service or otherwise—a copy of an initial pleading, (B) 21 days after being served with a summons for an initial pleading, or (C) 7 days after the notice of removal is filed. Here, while Defendant Kleissner Investments maintains it has not been properly served with a summons and Complaint—and accordingly the time under Rule 81(c)(2)(B) has not yet been fixed—out of an abundance of caution, Defendant is proceeding as if Rule 81(c)(2)(C) applies. In that case, its answer or other responsive filing would be due on November 6, 2025.

   Counsel for the Defendant were recently retained in connection with this action and require time to prepare an answer or other response to the Complaint, which is good cause for the Court to grant the requested extension. Also, as previously mentioned, Plaintiffs have agreed to the extension to December 17, 2025.

   Accordingly, Defendant respectfully requests that the date for it to respond to the Complaint be set at December 17, 2025.

Respectfully submitted,

Andrew Gerber<br>
Gerber Law PLLC

CC (via ECF and email):

 *Counsel for Plaintiffs*
 Rahul Agarwal, Esq.
 Sofia Syed, Esq.
 Rajiv D. Parikh, Esq.
 Jessica A. Merejo, Esq.