# GERBER LAW PLLC

27 Union Square West, Suite 301  
New York, NY 10003  
(212) 658-1810

Andrew Gerber  
Member of the Firm  
andrew@gerberlaw.com

**VIA ECF**

Hon. Judge Harvey Bartle III  
U.S. District Court for the Eastern District of Pennsylvania  
16614 U.S. Courthouse  
601 Market Street  
Philadelphia, PA 19106

        **Re:** *Atlas Data Privacy Corp. v. Kleissner Investments S.R.O.*, **No. 25 Civ. 17065**

Dear Judge Bartle,

      We represent Defendant Kleissner Investments S.R.O. in the above-captioned action. Defendant is a company organized under Czech law and operates solely from its offices in Prague in the Czech Republic. We write to request the Court enter an order to streamline the briefing of defenses Defendant intends to raise in response to the Complaint, or in the alternative, to stay Defendant's time to respond to the Complaint until 14 days following its receipt of notice of the disposition of Czech legal proceedings as described below.

**Background**

      On April 30, 2025, Plaintiffs Atlas Data Privacy Corp. ("Atlas") and two individuals (Peter Andreyev and Jane Doe-1) sued Kleissner Investments in New Jersey state court alleging violations of Daniel's Law. *See* DE 1-2 at ¶ 5 (Complaint). It was one of hundreds of similar actions by Plaintiff Atlas and various individual plaintiffs, some of which have been removed to federal court and assigned to Your Honor ("Atlas Litigations"). Plaintiffs attempted to serve Defendant via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). DE 1 (Notice of Removal) ¶ 2. Defendants have challenged service in the Czech Republic. *Id.* ¶ 3. The court in the Czech Republic has yet to rule on the challenge.

      Defendant removed to federal court on October 30, 2025. DE 1. On November 6, 2025, this Court granted Defendant until December 17, 2025, to respond to the Complaint. DE 6 (Nov. 6, 2025 Order).

      In response to the Complaint, Defendant Kleissner Investments intends to file (i) a motion to dismiss and (ii) a motion to compel arbitration.

1

**Insufficient Service of Process**

With respect to the motion to dismiss, in addition to its challenges to service under Czech law, Defendant may challenge the validity of service in this case under the Hague Service Convention pursuant to U.S. law and wishes to reserve the right to do so. Briefing on those issues will be informed by the outcome of the Czech proceedings, which may prove dispositive. It is Defendant's position that it is thus premature to brief the arguments for this Court while those proceedings are pending. Defendant therefore respectfully requests that the Court stay briefing concerning its grounds to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) until 14 days after Defendant has received notice of the decision of the Czech court.[1] In the alternative, Defendant requests that the Court stay its time to respond to the Complaint until 14 days following its receipt of notice of the decision of the Czech court.

**Other Defenses**

Further, Counsel for the undersigned understands that the Court has consolidated motions to dismiss in other Atlas Litigations for briefing and disposition, typically by issue. *See*, *e.g.*, *Atlas Data Privacy Corp., et al. v. We Inform, LLC, et al.*, Case No. 1:24-cv-04037-HB at DE 45. The Court has also allowed defendants in later-filed litigations to join the consolidated briefing, *see*, *e.g.*, *Atlas Data Privacy Corp., et al. v. Cybo Company, et al.*, Case No. 1:25-cv-11948-HB at DE 12, and to submit briefs addressing issues specific to each individual defendant. *Id*. at DE. 14, DE 15. Although the Court has disposed of certain issues, such as the First Amendment challenges to Daniel's Law, it has allowed defendants to join the prior briefing in order to preserve their arguments for potential appeal. *See, e.g., id.* at DE 15; *see also Atlas Data Privacy Corp., et al. v. REDX LLC, et al.*, Case No. 1:25-cv-06863-HB at DE 14.

To conserve the resources of the Court and parties, Defendant Kleissner Investments requests permission to incorporate certain arguments by reference in its motion to dismiss. Defendant seeks to join the following motions:

- The Consolidated Motion to Dismiss based upon constitutional challenges to Daniel's Law, previously filed on June 10, 2024, under DE 27 and DE 54 in the action captioned *Atlas Data Privacy Corp., et al. v. Lightbox Parent, L.P., et al.*, Case No. 1:24-cv-04105-HB. While Defendant understands that the Court denied such Motion on November 26, 2024, Defendant seeks to join the currently pending appeal of such decision before the U.S. Court of Appeals for the Third Circuit in the action captioned *Atlas Data Privacy Corp., et al. v. We Inform LLC, et al.*, Case No. 25-1555.

- The Consolidated Motion to Dismiss based upon Fed. R. Civ P. 12(b)(6) failure to state a claim upon which relief can be granted (due to extraterritoriality and federal preemption), previously filed on March 18, 2025, under DE 45 and DE 79 in the action captioned *Atlas*

---

[1] Fed. R. Civ. P. 12(g)(2) and 12(h) would not prohibit this procedure because Defendant would still raise the defense in its motion to dismiss. Only briefing of the issue would be delayed.

*Data Privacy Corp., et al. v. We Inform, LLC, et al.*, Case No. 1:24-cv-04037-HB. While Defendant understands that the Court denied such Motion on June 27, 2025, Defendant seeks to join this prior briefing to preserve its arguments for potential appeal.

- The Consolidated Motion to Dismiss based upon failure to meet the pleading standards of Fed. R. Civ. P. 8 and *Iqbal-Twombly*, previously filed on March 18, 2025, under DE 59 and DE 72 in the action captioned *Atlas Data Privacy Corp., et al. v. DM Group, Inc., et al.*, Case No. 1:24-cv-04075-HB. While Defendant understands that the Court denied such Motion on June 27, 2025, Defendant seeks to join this prior briefing to preserve its arguments for potential appeal.

Defendant also requests leave of the Court to provide supplemental briefing on certain issues previously raised by defendants in other Atlas Litigations given that Kleissner Investments is a Czech company operating entirely from within the Czech Republic. Thus, certain issues raised by this case were not addressed by prior briefing. Accordingly, Defendant respectfully requests permission for it to incorporate prior consolidated briefing on certain grounds for dismissal by reference in its motion to dismiss and to supplement those arguments as necessary.

For the reasons set forth above, Defendant respectfully requests that the Court enter an order (i) staying briefing of its motion to dismiss with respect to insufficient service under Rule 12(b)(5), or in the alternative, of its entire motion to dismiss, until the Czech court rules on the validity of service under Czech law, and (ii) granting the parties leave to incorporate prior briefing in other Atlas Litigations by reference as well as supplementing previous arguments as necessary.

Respectfully submitted,

Andrew Gerber
Gerber Law PLLC
*Counsel for Defendant Kleissner Investments S.R.O.*