# GERBER LAW PLLC

27 Union Square West, Suite 301  Andrew Gerber
New York, NY 10003  Member of the Firm
(212) 658-1810  andrew@gerberlaw.com

January 30, 2026

**VIA ECF**

Hon. Judge Harvey Bartle III
U.S. District Court for the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      Re: *Atlas Data Privacy Corp. v. Kleissner Investments S.R.O.*, No. 25 Civ. 17065

Dear Judge Bartle,

      We represent Defendant Kleissner Investments S.R.O. ("Kleissner Investments") in the above-captioned action. We write on behalf of the parties to this case pursuant to the Court's January 27, 2026 Order (DE 23) providing the parties until January 30, 2026 to (i) provide an additional status report and (ii) respectfully request that the Court enter a briefing schedule and related order concerning the anticipated motions of Defendant Kleissner Investments in this action. We have met and conferred with counsel for Plaintiffs who consent to the briefing schedule and other relief proposed herein.

      **Status**

      As we reported in our January 22, 2026 letter (DE 22), on April 30, 2025, Plaintiffs Atlas Data Privacy Corp. ("Atlas") and two individuals (Peter Andreyev and Jane Doe-1) sued Kleissner Investments in New Jersey state court alleging violations of Daniel's Law. *See* DE 1-2 at ¶ 5 (Complaint). Plaintiffs attempted to serve Defendant via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). DE 1 (Notice of Removal) ¶ 2. Defendants have challenged service in the Czech Republic. *Id.* ¶ 3.

      Defendant removed to federal court on October 30, 2025. DE 1. On November 6, 2025, this Court granted Defendant until December 17, 2025, to respond to the Complaint. DE 6 (Nov. 6, 2025 Order). The Court then stayed the matter pending resolution of the Czech proceedings on December 9, 2025. (DE 16.)

      On January 14, 2026, the District Court for Prague 4 issued its decision and ruled that it was returning the Hague Service Convention request "without a completed certificate of delivery" because, in the opinion of the Czech court, "the decision as to whether or not the documents were

duly delivered should be made by" this Court. *Id.* As of the date of this letter, Plaintiffs have not received the package from the Czech authorities.

**Proposed Briefing Schedule**

As set forth in our December 5, 2025 letter (DE 15), in response to the Complaint, Defendant intends to file (i) a motion to dismiss and (ii) a motion to compel arbitration. After conferring, the parties propose the following briefing schedule for both motions:

- Defendant's moving filings: February 25, 2026
- Plaintiffs' responses: March 27, 2026
- Defendant's replies: April 10, 2026

**Incorporation of Prior Briefing**

Further, the parties understand that the Court has consolidated motions to dismiss in other Atlas Litigations for briefing and disposition, typically by issue. *See, e.g.*, *Atlas Data Privacy Corp., et al. v. We Inform, LLC, et al.*, Case No. 1:24-cv-04037-HB at DE 45. The Court has also allowed defendants in later-filed litigations to join the consolidated briefing, *see, e.g.*, *Atlas Data Privacy Corp., et al. v. Cybo Company, et al.*, Case No. 1:25-cv-11948-HB at DE 12, and to submit briefs addressing issues specific to each individual defendant. *Id*. at DE. 14, DE 15. Although the Court has disposed of certain issues, such as the First Amendment challenges to Daniel's Law, it has allowed defendants to join the prior briefing in order to preserve their arguments for potential appeal. *See, e.g., id.* at DE 15; *see also Atlas Data Privacy Corp., et al. v. REDX LLC, et al.*, Case No. 1:25-cv-06863-HB at DE 14.

To conserve the resources of the Court and parties, the parties request permission to incorporate certain arguments by reference in the upcoming motion practice. Defendant seeks to join the following motions:

- The Consolidated Motion to Dismiss based upon constitutional challenges to Daniel's Law, previously filed on June 10, 2024, under DE 27 and DE 54 in the action captioned *Atlas Data Privacy Corp., et al. v. Lightbox Parent, L.P., et al.*, Case No. 1:24-cv-04105-HB. While Defendant understands that the Court denied such Motion on November 26, 2024, Defendant seeks to join the currently pending appeal of such decision before the U.S. Court of Appeals for the Third Circuit in the action captioned *Atlas Data Privacy Corp., et al. v. We Inform LLC, et al.*, Case No. 25-1555.

- The Consolidated Motion to Dismiss based upon Fed. R. Civ P. 12(b)(6) failure to state a claim upon which relief can be granted (due to extraterritoriality and federal preemption), previously filed on March 18, 2025, under DE 45 and DE 79 in the action captioned *Atlas Data Privacy Corp., et al. v. We Inform, LLC, et al.*, Case No. 1:24-cv-04037-HB. While Defendant understands that the Court denied such Motion on June 27, 2025, Defendant seeks to join this prior briefing to preserve its arguments for potential appeal.

- The Consolidated Motion to Dismiss based upon failure to meet the pleading standards of Fed. R. Civ. P. 8 and *Iqbal-Twombly*, previously filed on March 18, 2025, under DE 59 and DE 72 in the action captioned *Atlas Data Privacy Corp., et al. v. DM Group, Inc., et al.*, Case No. 1:24-cv-04075-HB. While Defendant understands that the Court denied such Motion on June 27, 2025, Defendant seeks to join this prior briefing to preserve its arguments for potential appeal.

The parties also request leave of the Court to provide supplemental briefing and responses on certain issues previously raised by defendants in other Atlas Litigations given that Kleissner Investments is a Czech company operating entirely from within the Czech Republic. Thus, certain issues raised by this case were not addressed by prior briefing. Accordingly, the parties respectfully request permission for them to incorporate prior consolidated briefing on certain grounds for dismissal by reference in their motion papers and responses and to supplement those arguments as necessary.

For the reasons set forth above, the parties respectfully request that the Court enter an order (i) setting the above briefing schedule, and (ii) granting the parties leave to incorporate prior briefing in other Atlas Litigations by reference as well as supplementing previous arguments as necessary.

Respectfully submitted,

Andrew Gerber
Gerber Law PLLC

CC (via ECF and email):

*Counsel for Plaintiffs*
Rahul Agarwal, Esq.
Sofia Syed, Esq.
Rajiv D. Parikh, Esq.
Jessica A. Merejo, Esq.