# GERBER LAW PLLC

27 Union Square West, Suite 301
New York, NY 10003
(212) 658-1810

Andrew Gerber
Member of the Firm
andrew@gerberlaw.com

April 3, 2026

**<u>VIA ECF</u>**

Hon. Judge Harvey Bartle III
U.S. District Court for the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> **Re: *Atlas Data Privacy Corp. v. Kleissner Investments S.R.O.*, No. 25 Civ. 17065**

Dear Judge Bartle,

We represent Defendant Kleissner Investments S.R.O. ("Kleissner Investments") in the above-captioned action. We write in response to Plaintiffs' Letter to the Court dated March 27, 2026 (DE 33). Plaintiffs' Letter submits a proposal regarding imminent next steps for engaging in merits discovery across various related dockets. For reasons set forth below, Kleissner Investments respectfully requests that it be excluded from any orders requiring discovery at this time.

Plaintiffs' Letter (requesting Rule 26 initial disclosures by April 30, 2026, and discovery conferences on May 5, 2026) was filed indiscriminately on over forty dockets involving Daniel's Law litigation. Plaintiffs openly acknowledge "that motions to dismiss for lack of personal jurisdiction remain pending as to certain defendants; accordingly, the proposed dates may not apply to those defendants." (DE 33, n. 1). Kleissner Investments is one of those defendants for whom Plaintiffs' proposed dates do not apply. Defendant's Motion to Dismiss and Motion to Compel Arbitration were filed recently on February 25, 2026 ("Motions") (DE 26, 27). On March 27, 2026, Plaintiffs filed their Brief in Opposition to the Motion to Dismiss and Brief in Opposition to the Motion to Compel Arbitration (DE 32, 33). Defendant will file reply briefs in support of both Motions by April 10, 2026.

Defendant argues in its Motion to Dismiss that personal jurisdiction cannot be asserted in this matter as Kleissner Investments is a Czech Republic-based company with no intentional contact with, or targeting of, the forum state of New Jersey. Discovery should not yet be ordered while the Court is weighing this potentially dispositive jurisdictional question, in addition to other arguments raised in Defendant's Motion to Dismiss and Motion to Compel Arbitration.

In addition, given the unique factual circumstances with respect to Defendant, the procedural posture of the case, and potential defenses it may assert if the court does not grant the

relief requested in its Motions, Defendant may contend that the coordinated discovery apparently being contemplated as to other Atlas litigations are either not applicable and/or prejudicial to Defendant.

For the reasons set forth above, Defendant respectfully requests that the Court exclude Kleissner Investments from any forthcoming discovery order resulting from Plaintiffs' March 27, 2026 Letter.

Respectfully submitted,

Andrew Gerber
Gerber Law PLLC

CC (via ECF):

*Counsel for Plaintiffs*
Rahul Agarwal, Esq.
Sofia Syed, Esq.
Rajiv D. Parikh, Esq.
Jessica A. Merejo, Esq.