

**State of New Jersey**
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
PO Box 45029
Newark, NJ 07101

MIKIE SHERRILL
*Governor*

DR. DALE. G. CALDWELL
*Lt. Governor*

JENNIFER DAVENPORT
*Attorney General*

MICHAEL C. WALTERS
*Director*

April 10, 2026

**<u>VIA CM/ECF</u>**

Hon. Harvey Bartle, III, U.S.D.J.
U. S. District Court for the
District of New Jersey (by designation)
c/o United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *Atlas v. Kleissner Investments S.R.O.*, No.: 1:25-cv-17065-HB

Dear Judge Bartle:

We write on behalf of Jennifer Davenport, Attorney General of New Jersey, regarding the recent motion to dismiss filed by Defendant Kleissner Investments S.R.O ("Kleissner"), raising constitutional and validity challenges to Daniel's Law, N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1 (collectively, "Daniel's Law").

On February 26, 2026, Kleissner filed a motion to dismiss notice, Dkt. No. 27, seeking to dismiss the Plaintiffs' complaint ("MTD"). In its motion to dismiss, Kleissner argues that Daniel's Law is unconstitutional because: (1) Daniel's Law violates the Foreign Commerce Clause and (2) Daniel's Law violates the First Amendment. In furtherance of these arguments, Kleissner incorporates the arguments that Daniel's Law is unconstitutional under the First Amendment made in defendants' consolidated motion to dismiss plaintiffs' complaint filed June 10, 2024, under Dkt. No. 27 in the related action captioned *Atlas Data Privacy Corporation, et al. v. Lightbox Parent*, *L.P., et al.*, Case No. 24-04105 and subsequent appeals. Furthermore, Kleissner also makes a validity challenge to Daniel's Law by arguing that Daniel's Law is preempted by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"). On March 16, 2026, this Court entered an order, Dkt. No. 30, setting the deadline for Plaintiffs to file responsive briefs on March 27, 2026, and for Defendant to file any reply briefs by April 10, 2026.

Under Federal Rule of Civil Procedure 5.1, Kleissner was required to give the Attorney General notice regarding their constitutional filings against Daniel's Law, N.J.S.A. 56:8-166.1, and any other statutes on which constitutional claims have been asserted. That Rule requires that, when a party files a "pleading, written motion, or other paper drawing into question the



constitutionality of a … state statute," the party "must promptly" both "file a notice of constitutional question" and "serve the notice and paper" on the state attorney general. Fed R. Civ. P. 5.1(a). Kleissner did not provide the Attorney General with notice, and the Attorney General did not discover this challenge—despite weekly monitoring of the docket—until after the March 27, 2026 deadline to file responsive briefs had passed. Accordingly, the Attorney General requests that the Court permit the Attorney General to intervene in this action.

Nevertheless, because there are no novel issues with regard to Defendant's First Amendment and Section 230 arguments, the Attorney General respectfully requests that this Court rely on the Attorney General's prior briefing submitted in *Atlas Data Privacy Corp. v. We Inform*, 758 F. Supp. 3d 322 (D.N.J. 2024), and the Court's prior decision in that matter denying Defendants' motion to dismiss on First Amendment grounds, in addition to the Attorney General's Third Circuit briefing in the captioned matter *Atlas Data Privacy Corp. v. We Inform, LLC*, Nos. 25-1555 through -1578, 25-1580 through -1593, 25-1676, 25-1677 (3d Cir.). We also ask the Court to rely on the Attorney General's prior briefing and the Court's prior decision in *Atlas Data Privacy Corp., et al., v. We Inform, LLC, et al.*, No. 24-4037, 2025 WL 2444153 (D.N.J. Aug. 25, 2025) (denying defendants' motion to dismiss based, in part, on Section 230).

Although Kleissner also argues that Daniel's Law violates the Foreign Commerce Clause, in lieu of filing a brief, the Attorney General asks that the Court reject this challenge for the foregoing reasons. Defendant argues that Daniel's Law violates the Foreign Commerce Clause (1) because of its exterritorial effect on conduct beyond the boundaries of New Jersey and the United States; and (2) because Daniel's Law prevents the federal government from speaking with "one voice." In support of its first argument, Kleissner points to cases where the Court found state laws violated the Commerce Clause because of their impermissible extraterritorial effect on interstate or foreign commerce. MTD at 17-18. However, this argument fails because the Supreme Court has rejected an "almost per se" rule against the enforcement of state laws simply because they have extraterritorial effects. *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 371 (2023). Instead, "[t]he antidiscrimination principle lies at the 'very core' of the Court's dormant Commerce Clause jurisprudence." *Id.* at 369 (cleaned up). And "[t]his Court has said that the Commerce Clause prohibits the enforcement of state laws . . . designed to benefit in-state economic interests by burdening out-of-state competitors." *Id.* (cleaned up). Here, Daniel's Law is clearly not designed to benefit in-state economic interests by discriminating against those outside of the State. Daniel's Law imposes the same obligations on "a person, business, or association," whether or not they are located in or outside of the State. *See* N.J.S.A. 56:8-166.1.

Kleissner's second argument fails because Daniels Law does not prevent the United States "from 'speaking with one voice' in regulating foreign trade." *Japan Line, Ltd. v. Los Angeles Cnty.*, 441 U.S. 434, 452 (1979). In *Japan Line*, California's tax law was held to be unconstitutional because it would result "in multiple taxation of the instrumentalities of foreign commerce," and frustrated the "national policy to remove impediments to the use of containers as 'instruments of international traffic.'" *Id.* (citing 19 U.S.C. § 1322(a)). Unlike in *Japan Line*, the purpose of Daniel's Law is to protect the privacy and safety of certain covered persons and not to regulate foreign trade. Nor does Daniel's Law interfere with any federal foreign policy. Defendant concedes that the federal government is silent "with respect to the 'disclosure' of names and home addresses

or telephone numbers by foreign companies in foreign countries[.]" MTD at 19. In *Barclays Bank PLC v. Franchise Tax Bd. of California*, the Court held that where there are no "specific indications of congressional intent to bar the state action[,]" and Congress has not enacted legislation prohibiting the state action, it would support the conclusion that the federal government has implicitly permitted this state action. 512 U.S. 298, 324-27 (1994). Similarly, here, the federal government's silence on this issue supports that Daniel's Law does not conflict with federal foreign policy. For these reasons, we respectfully ask that this Court reject Defendant's Foreign Commerce Clause challenge.

We appreciate the Court's consideration of this matter.

Very truly yours,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

/s/ Kashif Chand
By: _____
Kashif Chand
Assistant Attorney General
Kashif.Chand@law.njoag.gov