## GERBER LAW PLLC

27 Union Square West, Suite 301                      Andrew Gerber
New York, NY 10003                                   Member of the Firm
(212) 658-1810                                       andrew@gerberlaw.com


April 13, 2026

**VIA ECF**

Hon. Judge Harvey Bartle III
U.S. District Court for the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

             Re: *Atlas Data Privacy Corp. v. Kleissner Investments S.R.O.*, No. 25 Civ. 17065

Dear Judge Bartle,

        We represent Defendant Kleissner Investments S.R.O. ("Kleissner Investments") in the above-captioned action. We write in response to the April 10, 2026 letter filed on behalf of the Office of the Attorney General of New Jersey (Dkt. No. 37) (the "NJAG Letter"). Because the NJAG letter is entirely premised on an erroneous statement of fact, Kleissner Investments respectfully submits that the Court should disregard the letter for the reasons stated below.

        The NJAG Letter is problematic for several reasons, yet again providing a strong supporting exemplar for the general prohibition in this District against the filing of such letters to the Court without any notice to or discussion with opposing counsel.

        First, the NJAG Letter states that "Kleissner did not provide the Attorney General with notice" required under Federal Rule of Civil Procedure 5.1. This is demonstrably erroneous, and it is troubling that the Office of the Attorney General of New Jersey made misstatements of fact to this Court in publicly-filed documents prior to conferring with counsel for Defendant. By Order dated April 7, 2020, the Supreme Court of New Jersey formally relaxed and supplemented service rules so as to permit electronic service of process by email on the State of New Jersey. A true and correct copy of this Order is attached hereto as Exhibit A. Indeed, the very office that drafted the NJAG Letter itself published notice of such electronic service requirements and provided the email service address of NJAG.ElectronicService.CivilMatters@law.njoag.gov.

        Further, on February 23, 2026, my co-counsel telephoned the Office of the Attorney General to inquire about effectuating service pursuant to Rule 5.1 on that office, and was told to serve the required notice via the email address above.

        On February 25, 2026, Kleissner Investments filed its pending and now fully-briefed Motion to Compel Arbitration (Dkt. No. 26) and Motion to Dismiss (Dkt. No. 27). That same day, I

properly served both of these motions on New Jersey Attorney General Davenport via the email provided by the Office of the Attorney General. A copy of that service email with attachments is attached hereto as Exhibit B. Copies of these motions and supporting documents were served on the State of New Jersey, along with a cover letter summarizing constitutional issues and confirming proper service under Rule 5.1(a)(2) of the Federal Rules of Civil Procedure. On March 3, 2026, the Office of the Attorney General responded to our service correspondence and confirmed receipt of same. A true and correct copy of that service confirmation receipt email is attached hereto as Exhibit C. Kleissner Investments thus fully complied with its service obligations under federal and state law. The assertions by the Office of the Attorney General to the contrary are not only erroneous, they are belied by notices and correspondence from their own office.

Second, the Office of the Attorney General claims that the "Attorney General did not discover this challenge – despite weekly monitoring of the docket – under after the March 27, 2026 deadline to file responsive briefs had passed." NJAG Letter, ¶ 3. Even though the Attorney General was properly served, as discussed above, had they also been engaging in "weekly monitoring" of the docket, they would have still been on notice of the filings and had ample time to either lodge responses or contact this Court or counsel for Defendant and request additional time to submit responsive briefs. The NJAG letter does not reveal the date upon which they allegedly became aware of the filing, only that it was "after" March 27, 2026. DE 37 at 2. Yet, the Office of the Attorney waited to file the NJAG Letter until after Kleissner Investments filed its replies in support of its two pending motions, a remarkable act of gamesmanship that should not be tolerated. Apart from the fact that they were duly served back on February 25, 2026, the same day the two motions were filed, the Office of the Attorney General, by their own admission, was also monitoring the docket weekly, was made aware of Kleissner Investments' motions at some point thereafter, and yet still chose to do nothing for possibly weeks – neither attempting to contact counsel nor the Court - before ultimately filing an improper letter just hours after Kleissner Investments filed its own final supporting documents.

Briefing on Kleissner Investments' two motions is complete and no further submissions should be allowed – certainly not the improper attempt by the Office of the Attorney General to lodge its own surreply justified by erroneous assertions to this Court. Kleissner Investments therefore respectfully requests that this Court disregard the NJAG Letter in its entirety and the Office of the Attorney General should, at a minimum, formally and publicly withdraw the letter and the untrue statements contained therein.

Respectfully submitted,

Andrew Gerber
Gerber Law PLLC

CC (via ECF):

*Counsel for Plaintiffs*
Rahul Agarwal, Esq.
Sofia Syed, Esq.
Rajiv D. Parikh, Esq.
Jessica A. Merejo, Esq.