

| | *State of New Jersey* | |
|---|---|---|
| MIKIE SHERRILL<br>*Governor*<br><br>DR. DALE. G. CALDWELL<br>*Lt. Governor* | DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>PO Box 45029<br>Newark, NJ 07101 | JENNIFER DAVENPORT<br>*Attorney General*<br><br>MICHAEL C. WALTERS<br>*Director* |

April 14, 2026

**<u>VIA CM/ECF</u>**

Hon. Harvey Bartle, III, U.S.D.J.
U. S. District Court for the
District of New Jersey (by designation)
c/o United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

   Re: *Atlas v. Kleissner Investments S.R.O.*, No.: 1:25-cv-17065-HB

Dear Judge Bartle:

   We write on behalf of Jennifer Davenport, Attorney General of New Jersey (the "Attorney General"), regarding the recent motion to dismiss filed by Defendant Kleissner Investments S.R.O ("Kleissner"), raising constitutional and validity challenges to Daniel's Law, N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1 (collectively, "Daniel's Law"). On February 26, 2026, Kleissner filed a motion to dismiss notice, Dkt. No. 27, seeking to dismiss the Plaintiffs' complaint ("MTD"), and raising several arguments regarding the validity and constitutionality of Daniel's Law. Thereafter, on April 10, 2026, this office filed a letter, Dkt. No. 37, raising concerns that Kleissner had failed to notify the Attorney General of those challenges, and addressing the novel argument raised by Kleissner that Daniel's Law violates the Foreign Commerce Clause. On April 13, 2026, Kleissner responded to that letter, and advised the court that it had served the Attorney General through a generic email service address, NJAG.ElectronicService.CivilMatters@law.njoag.gov, and that the Attorney General's letter was untimely and should be disregarded by this Court. Dkt No. 38. We address each of these arguments in turn.

   First, Kleissner is correct in identifying that it emailed the <u>NJAG.ElectronicService.CivilMatters@law.njoag.gov</u> address on February 25, 2026. We apologize to the Court for this error in our prior submission; unfortunately, that effort at service did not reach the relevant attorneys. In addition, while Kleissner's service appears to have strictly conformed with Federal Rule of Civil Procedure 5.1(a), a fundamental precept of service is that notice should be "reasonably calculated, under all the circumstances, to apprise interested parties." *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). It is apparent from the record that Kleissner was well-aware of the Attorney General's history of intervention in these



124 Halsey Street, 5th Floor, Newark, NJ 07101 • TELEPHONE: (973) 648-2500 • FAX: (973) 648-3879
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

matters and the specific attorneys handling them; for example, Kleissner's MTD brief cites to a brief previously filed by this office. *See* Dkt. No. 27-1 at 21 n.7 (quoting Intervenor Attorney General of New Jersey's Consolidated Brief in Opposition to Defendants' Motions to Dismiss Based on Preemption, *Atlas Data Privacy Corp. v. We Inform, LLC*, No. 24-cv-4037). A cursory review of that brief and the relevant docket would have revealed the appropriate attorneys to serve.

Second, contrary to Kleissner's assertion, the Attorney General's letter seeking intervention was both timely and proper. Federal Rule of Civil Procedure 5.1(c) states that "[u]nless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier." Kleissner's notice was filed on February 26, 2026; thus, the Attorney General's time to intervene will expire on April 27, 2026. *See* Fed. R. Civ. P. 5.1(c), 6(a)(2)(C). As a result, Kleissner's request that this Court disregard the Attorney General's timely letter seeking intervention is contrary to Federal Rule of Civil Procedure 5.1 and its attack on the Attorney General is unjustified and inappropriate.

We also advise the Court that our position regarding Kleissner's arguments regarding the constitutionality and validity of Daniel's Law was fully laid out in our prior submission. *See* Dkt. No. 37. The Attorney General is not seeking to file any further briefing on this issue.

We appreciate the Court's consideration of this matter.

Very truly yours,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

*/s/ Kashif Chand*
By: _____
Kashif Chand
Assistant Attorney General
Kashif.Chand@law.njoag.gov