UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., Plaintiffs, v. KLEISSNER INVESTMENTS S.R.O., et al., Defendants. | Civ. Action No. 1:25-cv-17065 (HB) |

**MEMORANDUM OF LAW IN SUPPORT**
**OF JOINT CONSOLIDATED MOTION TO SEAL**

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal, Esq. (365832024)
Diana A. Arsanjani Reisman (*pro hac vice*)
1 Gateway Center, 25th Floor
Newark, New Jersey 07102
Telephone: (973) 877-6400

**PEM LAW LLP**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
Jessica A. Merejo (288592020)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Telephone: (973) 577-5500
Facsimile: (973) 860-4433

**GERBER LAW PLLC**
Andrew Gerber (274252019)
27 Union Square West, Suite 301
New York, New York 10003
Telephone: (212) 658-1810

**KOSTELANETZ LLP**
Victor Suthammanont (*pro hac vice*)
7 World Trade Center, 34th Floor
New York, New York 10007
Telephone: (212) 719-2649

# TABLE OF CONTENTS


INTRODUCTION ........................................................................................................ 1
ARGUMENT ............................................................................................................ 3
A. The Nature of the Materials or Proceedings at Issue ........................................ 3
B. The Legitimate Private or Public Interests Which Warrant the Relief Sought .................. 5
C. The Clearly Defined and Serious Injury That Would Result If the Relief Sought Is Not Granted ............................................................................................ 8
D. A Less Restrictive Alternative Is Not Available .............................................. 10
E. Any Prior Order Sealing the Same Materials in the Pending Action ............................... 10
F. The Identity of Any Party or Nonparty Known to Be Objecting to the Sealing Request. 10
CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Barnes v. Hauck*,
No. 12-2705-RMB, 2013 WL 3216171 (D.N.J. June 25, 2013)....3, 7

*Diamond Chem. Co., Inc. v. Gurtler Indus., Inc.*,
No. CV211468SDWLDW, 2021 WL 11721734 (D.N.J. Mar. 12, 2021)....9

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*,
998 F.2d 157 (3d Cir. 1993)....8

*Liger6, LLC v. Antonio*,
No. 213CV04694JLLJAD, 2017 WL 11633522 (D.N.J. Mar. 27, 2017)....8

*McCowan v. City of Philadelphia*,
No. 2:19-CV-03326-KSM, 2021 WL 3737204 (E.D. Pa. Aug. 24, 2021)....6

*Saturn Wireless Consulting, LLC v. Aversa*,
No. CV 17-1637 (KM), 2018 WL 11458894 (D.N.J. Dec. 26, 2018)....8

*Securimetrics, Inc. v. Iridian Techs., Inc.*,
No. 03-04394, 2006 WL 827889 (D.N.J. Mar. 30, 2006)....3

*Valeant Pharms. N. Am. LLC v. Mylan Pharms. Inc.*,
No. CV 18-14305-PGS-LHG, 2019 WL 3843052 (D.N.J. Aug. 15, 2019)....7

*Wartluft v. Milton Hershey Sch. & Sch. Tr.*,
No. 1:16-CV-2145, 2019 WL 5394575 (M.D. Pa. Oct. 22, 2019)....6

## Statutes

Daniel's Law....6, 8

## Other Authorities

Local Civil Rule 5.3....3

Local Civil Rule 5.3(c)....1

Local Civil Rule 5.3(c)(3)....3

Local Civil Rule 5.3(c)(4)....1

Rule 30(b)(6)....1

Pursuant to Rule 5.3(c) of the Local Civil Rules of the U.S. District Court for the District of New Jersey, Plaintiff Atlas Data Privacy Corporation ("Atlas") and Individual Plaintiffs Peter Andreyev and Jane Doe-1 (collectively, "Plaintiffs"), together with Defendant Kleissner Investments S.R.O. ("Kleissner" or "Defendant") (Plaintiffs and Defendant collectively, "the Parties"), respectfully submit this memorandum of law in support of their joint consolidated motion to permanently seal certain documents submitted with the parties' supplemental briefing on arbitrability and personal jurisdiction.

**INTRODUCTION**

On May 4, 2026, the Court granted the parties limited discovery on the discrete issues of arbitrability and personal jurisdiction. (ECF Nos. 43, 49.) On May 19, 2026, before any exchange of discovery materials, the Court entered the parties' Confidentiality Order. (ECF No. 47.) The parties served interrogatories and exchanged responses, and Plaintiffs took a Rule 30(b)(6) deposition of Defendant. Certain of the materials obtained during discovery were designated "Confidential" pursuant to the Confidentiality Order. All personally identifiable information of plaintiffs or assignors is automatically designated Confidential under Paragraph 11 of the Confidentiality Order.

The parties then filed supplemental briefing citing and attaching materials obtained through that discovery, as well as other material designated Confidential pursuant to the Confidentiality Order. (ECF Nos. 52-58.) These materials have been temporarily filed under seal pursuant to the Confidentiality Order (ECF No. 47) and Local Civil Rule 5.3(c)(4).

The Parties now move to permanently seal the following documents (the "Confidential Material"):

(1) Certain portions of Atlas's Objections and Responses to Defendant's First Set of Interrogatories, dated June 1, 2026 ("**Atlas Interrogatory Responses**"), which is attached

as Exhibit A to Plaintiffs' Supplemental Brief in Opposition to Motion by Defendant to Compel Arbitration (ECF No. 52-2) and Exhibit A to Defendant's Supplemental Brief in Support of its Motion to Compel Arbitration (ECF No. 55-1);

(2) Plaintiff Peter Andreyev's email address appearing in his Objections and Responses to Defendant's First Set of Interrogatories, dated June 1, 2026 ("**Andreyev Interrogatory Responses**"), which is attached as Exhibit B to Plaintiffs' Supplemental Brief in Opposition to Motion by Defendant to Compel Arbitration (ECF No. 52-3) and Exhibit B to Defendant's Supplemental Brief in Support of its Motion to Compel Arbitration (ECF No. 55-2);

(3) Plaintiff Jane Doe-1's email address appearing in her Objections and Responses to Defendant's First Set of Interrogatories, dated June 1, 2026 ("**Doe-1 Interrogatory Responses**"), which is attached as Exhibit C to Plaintiffs' Supplemental Brief in Opposition to Motion by Defendant to Compel Arbitration (ECF No. 52-4) and Exhibit C to Defendant's Supplemental Brief in Support of its Motion to Compel Arbitration (ECF No. 55-3);

(4) The search results displaying personally identifiable information ("**IntelX Search Results**"), which are contained in Exhibit C to Plaintiffs' Supplemental Brief in Opposition to Motion by Defendant to Dismiss for Lack of Personal Jurisdiction (ECF No. 53-4);

(5) Certain portions of Plaintiff's Supplemental Brief in Opposition to Motion to Dismiss for Lack of Personal Jurisdiction ("**Plaintiffs' Supplemental Brief**") (ECF No. 53);

(6) Certain portions of the 30(b)(6) Deposition Transcript of Nathan Holcomb, corporate representative for Kleissner, dated July 14, 2026 ("**Nathan Holcomb Deposition Transcript**"), which is attached as Exhibit B to Plaintiffs' Supplemental Brief (ECF No. 53-3);

(7) Certain portions of the Supplemental Brief in Support of Defendant's Motion to Dismiss ("**Defendant's Supplemental Brief**") (ECF No. 56);

(8) Certain portions of the **Third Declaration of Peter Kleissner** (ECF No. 57); and

(9) Certain portions of Defendant's Response to Plaintiff's First Set of Interrogatories, dated May 27, 2026 ("**Defendant Interrogatory Responses**"), which is attached as Exhibit A to Defendant's Supplemental Brief (ECF No. 58-1) and Exhibit A to Plaintiff's Supplemental Brief (ECF No. 53-2).

The specific portions sought to be sealed are identified in the accompanying Index of Confidential Material.

## ARGUMENT

"In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to both materials filed with the Court and judicial proceedings themselves." *Barnes v. Hauck*, No. 12-2705-RMB, 2013 WL 3216171, at *1 (D.N.J. June 25, 2013). A party that moves to seal must describe:

> (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3). To overcome the presumptive right of public access, a party must establish "good cause" for sealing the materials at issue. *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). For the reasons set forth below, each of the six elements weighs in favor of granting this joint motion.

### A. The Nature of the Materials or Proceedings at Issue

The Confidential Material consists of (1) specifically identified portions of the Atlas Interrogatory Responses, (2) the personal email addresses of the Individual Plaintiffs appearing in their interrogatory responses, (3) the personally identifiable information contained in the IntelX Search Results, (4) specifically identified names, figures, URLs, and footnotes within Plaintiffs' Supplemental Brief, constituting confidential trade secrets of Defendant; (5) specifically identified names and footnotes within Defendant's Supplemental Brief, constituting confidential trade secrets of Defendant; (6) specifically identified names and URLs contained within the Third Declaration of Peter Kleissner, constituting confidential trade secrets of Defendant; (7) specifically identified portions of Defendant's Interrogatory Responses, constituting confidential trade secrets

of Defendant; and (8) specifically identified portions of the Nathan Holcomb Deposition Transcript, constituting confidential trade secrets of Defendant.

The Atlas Interrogatory Responses were designated by Atlas as "Confidential" under the terms of the Confidentiality Order. (Confidentiality Order ¶¶ 1, 11.) The portions of the Atlas Interrogatory Responses (ECF Nos. 52-2, 55-1) sought to be sealed contain the following sensitive information:

- The specific API access key used by that investigator to obtain data from Defendant's website; and
- The names of Covered Persons (excluding Individual Plaintiff Peter Andreyev) who were searched manually (via web browser) and through an API, and whose search results Plaintiffs may rely upon in support of the allegations in the Complaint.

The portions of the Andreyev and Doe-1 Interrogatory Responses (ECF Nos. 52-3, 52-4, 55-2, 55-3) sought to be sealed contain:

- The personal email addresses of Plaintiffs Peter Andreyev and Jane Doe-1.

The portions of the IntelX Search Results (ECF No. 53-4) sought to be sealed contain:

- The home address, phone number, and email address of an Assignor and that of other individuals who are not parties to this litigation.

The portions of Plaintiffs' Supplemental Brief (ECF No. 53), Defendant's Supplemental Brief (ECF No. 56), and the Third Declaration of Peter Kleissner (ECF No. 57) sought to be sealed contain:

- The names of Defendant's customers and related identifying information (including, but not limited to, URLs, headquarter locations, quotations or other descriptive information from online).
- The name of a third-party vendor used by Defendant and related identifying information (including, but not limited to, its URL and other descriptive information from online).
- Specific licensing fees paid to Defendant and/or revenue figures earned by Defendant.

Portions of the Nathan Holcomb Deposition Transcript (ECF No. 53-3) and Defendant's Interrogatory Responses (ECF Nos. 53-2, 58-1) were previously designated by Kleissner as "Confidential" under the terms of the Confidentiality Order. (Confidentiality Order ¶ 1). The portions of these documents sought to be sealed contain:

- The names of Defendant's customers and related identifying information.
- The name of a third-party vendor used by Defendant and related identifying information.
- Confidential trade secrets of Defendants, including competitively sensitive technical information about the nature and functionality of Defendant's products and competitively sensitive business and sales data.

**B. The Legitimate Private or Public Interests Which Warrant the Relief Sought**

Good cause is established by the Confidentiality Order, which requires that "[a]ll personally identifiable information, including home address or phone numbers, of plaintiffs or assignors, regardless of source, shall be designated as 'Confidential' and shall only be filed with

the Court under seal" (¶ 11), and permits parties to designate "confidential business information," "trade secrets," and "private or confidential personal information" as "Confidential" (¶ 1).

*Personally Identifiable Information of Covered Persons and Non-Parties*. There is a legitimate public interest in protecting the identities of the Covered Persons listed in Atlas's Interrogatory Responses (excluding Individual Plaintiff Peter Andreyev) and the personally identifiable information of individuals contained in the IntelX Search Results. The IntelX Search Results disclose the names, email addresses, and home addresses of individuals who are not parties to this litigation. Courts have recognized that "the personal identifying information of nonlitigants is 'the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury' on nonparties, such that the common law presumption of access is overcome." *McCowan v. City of Philadelphia*, No. 2:19-CV-03326-KSM, 2021 WL 3737204, at *3 (E.D. Pa. Aug. 24, 2021); *see also Wartluft v. Milton Hershey Sch. & Sch. Tr.*, No. 1:16-CV-2145, 2019 WL 5394575, at *3 (M.D. Pa. Oct. 22, 2019) (granting motion to unseal judicial records, "subject to the redaction of the names and/or identifying information of third parties in order to protect those individuals' privacy interests"). Covered Persons are also identified in the Atlas Interrogatory Responses because it is Plaintiffs' contention that their Protected Information is accessible on Defendant's website; for similar reasons, the Parties seek redaction of the Covered Persons' names.[1] While Defendant does not concede the accuracy of Plaintiffs' contentions, Plaintiffs contend that if such information were accessible, public disclosure of the Covered Persons' identities would risk exposing these individuals to harm by directing bad actors to where their information can be found—precisely the harm that Daniel's Law was enacted to prevent. The same interest is at stake with respect to the Protected Information of the Assignor contained in the IntelX

[1] The Parties agree that the name of Individual Plaintiff Peter Andreyev will not be redacted.

Search Results. For purposes of this motion only, Defendant does not object to Plaintiffs' contentions and submits that the information would be confidential commercial information of Plaintiff Atlas under the Confidentiality Order.

*Personal Email Addresses of Individual Plaintiffs*. The Individual Plaintiffs have a privacy interest in keeping their personal email addresses out of the public record. Good cause is established by the Confidentiality Order, which provides that "[a]ll personally identifiable information, including home address or phone numbers, of plaintiffs or assignors, regardless of source, shall be designated as 'Confidential' and shall only be filed with the Court under seal." (Confidentiality Order ¶ 11.)

*API Access Key*. The Atlas Interrogatory Responses also contain a third party's API access key to Defendant's website. This Court has sealed documents "[g]iven the confidential nature of the information contained therein." *Barnes*, 2013 WL 3216171, at *1; *see also Valeant Pharms. N. Am. LLC v. Mylan Pharms. Inc.*, No. CV 18-14305-PGS-LHG, 2019 WL 3843052, at *1 (D.N.J. Aug. 15, 2019) (granting motion to seal material that "reveals, contains, and/or reflects" a party's "sensitive proprietary commercial and business information" that was "confidential and unavailable to the public"). There is a legitimate interest in protecting these sensitive access credentials, which constitute confidential business information and a trade secret insofar as they grant user access to Defendant's search engine and product.

*Confidential Business Information and Trade Secrets*. Both parties' supplemental briefs, and their supporting declarations and exhibits, contain reference to Defendant's confidential business information and trade secrets throughout. This includes the names and identifying information of Defendant's corporate customers, the name and URL of a third-party vendor used by Defendant, and specific licensing fees or revenue amounts paid to, or earned by, Defendant.

There is a legitimate private and public interest in protecting such information from disclosure. At the outset, good cause is established by the Confidentiality Order, which permits any party to designate as "Confidential" information containing "trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information." (Confidentiality Order ¶ 1). The Third Circuit has explained that the "presence of trade secrets in court records weighs against the right of access," often warranting protection. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993). Protected information commonly includes specific customer names, *see Saturn Wireless Consulting, LLC v. Aversa*, No. CV 17-1637 (KM), 2018 WL 11458894, at *3 (D.N.J. Dec. 26, 2018) (finding good cause to seal customer lists), and specific revenue figures. *See Liger6, LLC v. Antonio*, No. 213CV04694JLLJAD, 2017 WL 11633522, at *1-2 (D.N.J. Mar. 27, 2017) (finding good cause to seal confidential financial information not known to the general public). Because Defendant's trade secrets are competitively sensitive and not presently available to the public, good cause exists to seal.

**C. The Clearly Defined and Serious Injury That Would Result If the Relief Sought Is Not Granted**

Clearly defined and serious injury would result from disclosure of the following categories of information:

*Personally Identifiable Information of Covered Persons and Non-Parties*. Plaintiffs contend that public disclosure of the Covered Persons' identities would reveal that their Protected Information is accessible on Defendant's website, effectively directing interested parties to data that should not be publicly available. While Defendant does not concede the accuracy of Plaintiffs' contentions, Plaintiffs contend that if such information were accessible, such disclosure would risk the same harm that Daniel's Law was enacted to prevent. The same injury would result from

disclosure of the Protected Information of the Assignor contained in the IntelX Search Results. For purposes of this motion only, Defendant does not object to these contentions and submits that they may be confidential commercial information of Plaintiff Atlas. The IntelX Search Results also contain the home addresses and phone numbers of individuals who are not parties to this litigation; public disclosure would invade the privacy of individuals with no connection to this case.

*Personal Email Addresses of Individual Plaintiffs*. Plaintiffs contend that public disclosure of the Individual Plaintiffs' personal email addresses would subject them to unwanted contact, harassment, or other intrusions on their privacy. For purposes of this motion only, Defendant does not object to this contention.

*API Access Key*. Disclosure of the third party's sensitive API credentials would compromise the security of access to Defendant's database and could enable unauthorized use of those credentials.

*Confidential Business Information and Trade Secrets*. Courts in the District of New Jersey recognize that corporate parties "would suffer a clearly defined injury if [confidential business] information is disclosed, including the potential loss of competitive standing." *Diamond Chem. Co., Inc. v. Gurtler Indus., Inc.*, No. CV211468SDWLDW, 2021 WL 11721734, at *1 (D.N.J. Mar. 12, 2021). Indeed, disclosure of Defendant's business information and trade secrets would seriously injure its competitive standing. While Defendant has agreed to disclose descriptive information about its individual customers' purchase of product licenses, the unique names and identities of those customers must remain confidential. Similarly, Defendant has agreed to disclose the cost it pays to a third-party data aggregator ($50 per month), though the name and URL of that data aggregator is confidential business information. Lastly,

Defendant has agreed to disclose the percentage of its revenue that is earned from customers with New Jersey billing addresses, but not the underlying revenue figures. Disclosure of each of these categories of information would seriously injure Defendant by allowing competitors to poach customers, imitate its data aggregation techniques, reverse-engineer more detailed financial information about the company, undercut pricing, and/or otherwise engage in unfair and one-sided tactics to gain a competitive advantage. Accordingly, relief is warranted.

**D. A Less Restrictive Alternative Is Not Available**

No less restrictive alternative is available. The proposed redactions are narrowly tailored, limited to personal identifying information and sensitive access information. The proposed redactions permit reference to an API key, the categories of protected information at issue, general information about Defendant's customer subscriptions, the cost Defendant pays to a third-party vendor, the percentage of revenue Defendant receives from customers with New Jersey billing addresses, and detailed descriptions of how Defendant's search engine works on the back-end and front-end—only the specific identifying information and confidential trade secrets that carry a risk of harm are redacted. All information necessary for the Court to decide the pending motion, and for the public to understand any resulting opinion, remains available. Redaction is the least restrictive means of protecting the sensitive information described above while preserving public access to the balance of the filings.

**E. Any Prior Order Sealing the Same Materials in the Pending Action**

The Parties are not aware of any prior order in this action sealing the same materials that are the subject of this motion.

**F. The Identity of Any Party or Nonparty Known to Be Objecting to the Sealing Request**

No party or nonparty is known to object to this joint motion to seal.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant this joint motion and enter an order permitting the Confidential Material to remain under seal. A proposed form of order is submitted herewith.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Rahul Agarwal*
Rahul Agarwal

FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP
One Gateway Center, 25th Floor
Newark, New Jersey 07102-5311
(973) 877-6400
ragarwal@fklaw.com

*Attorneys for Plaintiffs*

*/s/ Andrew Gerber*
Andrew Gerber
GERBER LAW PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 658-1810
andrew@gerberlaw.com

Of Counsel:
Victor Suthammanont
KOSTELANETZ LLP
7 World Trade Center, 34th Floor
New York, NY 10007
(212) 719-2649
vsuth@kostelanetz.com

*Attorneys for Defendant Kleissner Investments S.R.O.*