UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., Plaintiffs, v. KLEISSNER INVESTMENTS S.R.O., et al., Defendants. | Civ. Action No. 1:25-cv-17065 (HB) |

**SEALING ORDER**

Pursuant to Local Civil Rule 5.3(c), Plaintiffs Atlas Data Privacy Corporation ("Atlas"), Peter Andreyev, and Jane Doe-1 (collectively, "Plaintiffs") and Defendant Kleissner Investments S.R.O. ("Kleissner" or "Defendant") jointly filed a Motion to Seal (the "Motion to Seal"). The Motion seeks to permanently seal: (i) portions of ECF Nos. 52-2 through 52-4, 53-4, 55-1 through 55-3 containing Plaintiffs' Interrogatory Responses and a screenshot of IntelX search results (collectively, "Plaintiffs' Confidential Material"); and (ii) portions of ECF Nos. 53, 53-2, 53-3, 56, 57, and 58-1 containing both parties' Supplemental Briefs on the issue of personal jurisdiction, including supporting declarations and exhibits (collectively, "Defendant's Confidential Material," and together with Plaintiffs' Confidential Material, the "Confidential Material"). The specific portions sought to be sealed are identified in the accompanying Index of Confidential Material.

## I. FINDINGS OF FACT

### A. The Nature of the Materials and Proceedings at Issue

This action was brought pursuant to Daniel's Law, N.J.S.A. 56:8-166.1. The Court granted discovery on arbitrability and personal jurisdiction and ordered supplemental briefing. (ECF Nos. 43, 49).

The parties used the Confidential Material in their briefing filed with the Court. The Confidential Material has been temporarily filed under seal pursuant to the Confidentiality Order (ECF No. 47) and Local Civil Rule 5.3(c)(4).

### B. The Legitimate Private or Public Interest Which Warrants the Relief Sought

Good cause is established by the Confidentiality Order, which requires that "[a]ll personally identifiable information, including home address or phone numbers, of plaintiffs or assignors, regardless of source, shall be designated as 'Confidential' and shall only be filed with the Court under seal" (¶ 11), and permits parties to designate "confidential business information" and "private or confidential personal information" as "Confidential" (¶ 1).

*Personally Identifiable Information of Covered Persons and Non-Parties*. There is a legitimate public interest in protecting the identities of the Covered Persons (excluding Individual Plaintiff Peter Andreyev) listed in the Atlas Interrogatory Responses and the personally identifiable information of individuals contained in the IntelX Search Results. The IntelX Search Results contain the names, email addresses, and home addresses of individuals who are not parties to this action, as well as the Protected Information of an Assignor. Although Defendant does not concede that Covered Persons' Protected Information is contained in its database, the parties agree that such information is subject to protection. Plaintiffs contend that if such information were accessible, public disclosure of the Covered Persons' identities would risk exposing these individuals to harm by directing bad actors to that information—precisely the harm that Daniel's

Law was enacted to prevent. Defendant submits that the information is the protected commercial information of Plaintiff Atlas.

*Personal Email Addresses of Individual Plaintiffs*. The Individual Plaintiffs have a privacy interest in keeping their personal email addresses out of the public record.

*API Access Key*. The Atlas Interrogatory Responses also contain a third party's API access key to Defendant's website. There is a legitimate private interest in protecting these sensitive access credentials.

*Confidential Business Information and Trade Secrets*. Both parties' supplemental briefs, and their supporting declarations and exhibits, contain reference to Defendant's confidential business information and trade secrets throughout. This includes the names of Defendant's paying customers (and related identifying information), the identity of a third-party vendor used by Defendant, and specific revenue figures. Good cause exists under the Confidentiality Order to seal competitively sensitive business information including trade secrets. There is also a legitimate private and public interest in doing so.

### C. The Clearly Defined and Serious Injury That Would Result If the Relief Sought Is Not Granted

Clearly defined and serious injury would result from disclosure of the Confidential Material.

*Personally Identifiable Information of Covered Persons and Non-Parties*. For the reasons stated above, there is a risk that public disclosure of Covered Persons' identities and Protected Information would expose them to the harm that Daniel's Law was enacted to prevent, expose the commercial information of Plaintiff Atlas, and disclosure of the contents of the IntelX search results would intrude on the privacy of individuals with no connection to this case.

*Personal Email Addresses of Individual Plaintiffs*. Disclosure of the Individual Plaintiffs' email addresses would subject them to unwanted contact, harassment, or other intrusions on their privacy.

*API Access Key*. Disclosure of the API access key would compromise the security of access to Defendant's database and could enable unauthorized use of those credentials.

*Confidential Business Information and Trade Secret*s. Trade secrets including the names of Defendant's paying customers (and related identifying information), the identity of a third-party vendor used by Defendant, and specific revenue amounts earned by Defendant are competitively sensitive and not presently available to the public. Disclosure would harm Defendant by causing it to lose competitive standing.

**D. Why a Less Restrictive Alternative to the Relief Sought Is Not Available**

The request is narrowly tailored to the specific portions identified in the Index of Confidential Material and is limited to: (i) the identities of Covered Persons and individuals not party to this action, (ii) personal information such as home addresses, telephone numbers, and email addresses, (iii) a sensitive access credential, (iv) the names and identifying information of specific customers, (v) the name and identifying information of a specific third-party vendor, (vi) specific revenue figures, and (vii) specific passages of a 30(b)(6) deposition transcript describing, or relating to, the protected information described herein. Redacted versions of the documents will be publicly filed; only the Confidential Material will be sealed.

**E. Any Prior Order Sealing the Same Materials in the Pending Action**

There is no prior order in this action sealing the materials that are the subject of this Motion.

**F. Any Party or Nonparty Known to Be Objecting to the Sealing Request**

No party or nonparty is known to be objecting to the sealing request.

## II. CONCLUSIONS OF LAW

Common law recognizes a public right of access to judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). The party seeking to seal bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (citation omitted).

Local Civil Rule 5.3(c) requires the movant to show the six factors set forth above. The good-cause standard is satisfied where disclosure would cause a clearly defined and serious injury.

The parties have met their burden. The Confidential Material satisfies Local Civil Rule 5.3(c), and good cause exists for the entry of this Order.

## III. ORDER

THEREFORE, IT IS ORDERED that the Motion to Seal is GRANTED. The unredacted versions of ECF Nos. 52-2 through 52-4, 53-4, 55-1 through 55-3 and ECF Nos. 53, 53-2, 53-3, 56, 57, and 58-1 shall remain under seal. The parties shall publicly file redacted versions of the sealed documents within ___ days of the date of this Order. Notwithstanding anything to the contrary, the court, after notice, may modify or vacate this order in the interest of justice.

Dated: September 8, 2026

/s/ Harvey Bartle III
J.